

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
ATTORNEY GENERAL

Honorable Ross Doughty, Jr.
County Attorney
Uvalde County
Uvalde, Texas

Dear Sir:

Opinion No. O-7320

Re: Whether the Joint County
Junior College District
referred to is entitled
to have its taxes assessed
and collected in the manner
inquired about.

From your request for opinion we recite the
following facts, upon which this opinion is based.

On June 10, 1946, after an election held for
that purpose, under Article 2815h, V.A.C.S., a Junior
College was established in Uvalde County, Texas. The
limits of the area included in the district extend to
and include Uvalde, Real and Zavala Counties.

The Board of the Junior College District on
June 26 passed an order appointing the Tax Assessor-
Collector of Uvalde County the Assessor and Collector
of taxes for Uvalde County for the Junior College. At
the same time the Board resolved to accept the County
valuations as the same appear on the rolls.

Your question is whether or not the Tax Asses-
sor and Collector of Uvalde County has the power to de-
cline to act as the Assessor and Collector of taxes for
the Junior College in Uvalde County.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Ross Doughty, Jr., Page 2

A Joint County Junior College is authorized by Section 17 of Article 2815h in the following terms:

"Any . . . combination of contiguous counties in the State, having a taxable property valuation of not less than Nine Million Five Hundred Thousand ($9,500,000.00) Dollars, and having a scholastic population of not less than seven thousand (7,000) the next preceding school year, and not fewer than four hundred (400) students in the last four years of the classified high school or high schools within the proposed territory during the next preceding school year, may, by vote of the qualified voters of the proposed territory, establish and maintain a . . . joint county Junior College."

Section 22 of this act provides that:

"All taxes levied for a County or joint County Junior College District shall be assessed and collected in the manner provided in Sections 7a and 7b and such Collector each month shall place such funds with the Treasurer of such County or joint County College District."

The Sections 7a and 7b referred to contain the following provisions:

"Sec. 7a. The Assessor and Collector of such Junior College District shall assess the taxes and collect the same in the manner now provided by law for the collection of ad valorem taxes by County Assessors and Collectors and where there is not herein contained any specific provision or direction as to how anything connected with the assessment and collection of taxes shall be done, then the provisions of the General Law shall prevail. The Board of Education of said District shall have the power, and is hereby authorized to appoint three resident citizens

of the said District to act as a Board of
Equalization to equalize the values of all
property subject to taxation in said District
and said Board shall qualify in the same man-
ner and shall perform the same duties as is
authorized to be performed by the Board of
Equalization appointed by the City Council of
Cities and towns incorporated under the General
Laws of this State.

"All taxes provided for by this Act shall
become due and payable on the same date as the
taxes in the Independent School District pro-
vided the boundaries of the Junior College Dis-
trict are coterminus with the Independent School
District.  If the boundaries of the Junior
College District are not coterminus with the
Independent School District, then the taxes of
said District shall become due and payable on
the same date as is provided for taxes due to
State and County.  Said taxes shall be and re-
main a first and prior lien upon all the land
and other property against which the same were
assessed.  In case such tax shall become delin-
quent there shall be added the same penalty and
the same shall draw interest at the same rate
and from the same date as is provided in case of
taxes becoming delinquent to Independent School
Districts under the General Laws."

"Sec. 7b.  In lieu of the manner of assess-
ment and collection of taxes, as provided in
Section 7a, the Board of Education of such
Junior College District may provide for the
assessment, equalization, and collection of
taxes in the manner following, to wit:

"(a)  If the boundaries of said Junior
College District shall be the same or substan-
tially the same, as that of an Independent School
District, having an Assessor and Collector of
Taxes then such District may have the taxes of
their District assessed and collected by the
Assessor and Collector of Taxes of such Indepen-
dent School District and have such taxes equalized
by the Board of Equalization of such Independent
School District.

Honorable Ross Doughty, Jr., Page 4

"(b) Where a city has assumed control of its schools and uses the Assessor and Collector of Taxes appointed and paid by the city is hereby authorized to have their taxes assessed, equalized, and collected by the same Board that assesses, equalizes, and collects city taxes.

"(c) The Board of Education of such Junior College District, if they prefer to do so, may have the taxes of their District assessed and collected by the Assessor and Collector of County Taxes in the County in which said District shall be situated, or collected only by the Assessor and Collector of County Taxes, and in such event, such taxes shall be assessed and collected by said County officers, as the case may be, and turned over to the Treasurer of the Junior College District for which such taxes have been collected. The property of such Districts having their taxes assessed and collected by the Assessor and Collector of County Taxes shall not be assessed at a greater value than that assessed for County and State purposes. If said taxes are assessed by a Special Assessor of the Junior College District, or shall be assessed by the Special Assessor of the Independent School District in the manner above set out and are collected only by the County Tax Collector, the property of said District may be assessed at a greater or less value than that assessed for State and County purposes and the Assessor and Collector of County Taxes in such cases shall accept the rolls prepared by the Special Assessor or by the Assessor of the Independent School District, as the case may be, and approved by the Board of Education, as provided in this Section. When the Assessor and Collector of County Taxes is required to assess and collect the taxes of a Junior College District, he shall receive the same percentage as for State and County Taxes."

These sections permit the assessing and collecting of the junior college district's taxes by an assessor and collector other than its own if:

(1) The boundaries of the junior college district are the same or substantially the same as that of an independent school district having an assessor and collector; or

(2) The district is located within a city which has assumed control of its schools, and which has an assessor and collector of taxes; or

(3) The district is situated entirely within one county.

The district you inquire about does not meet and comply with any one of the conditions prescribed by the statute. The law does not contemplate that such a district shall have more than one assessor and collector as would be necessary if the County Assessor and Collector of Uvalde County performed those functions for that part of the district located and lying in Uvalde County. The law guards jealously the uniformity of distribution of the tax burden throughout each taxing unit, and if the properties of this district inquired about were assessed by three different assessors and equalized by three different boards of equalization possibly operating on three different theories it is highly unlikely that there would result a great deal of equality in assessment.

You are advised, therefore, that it is the opinion of this department that the County Assessor and Collector of Uvalde County is not authorized to act as the Assessor and Collector of taxes for the Junior College District in Uvalde County and consequently must decline to act in such capacity.

The validity of the formation of the junior college district in question is not before us and we are expressing no opinion thereon.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Arthur L. Moller

Arthur L. Moller
Assistant

ALM:ms

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN